# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. BLOOD, | ) | CASE NO. 5:16-cv-2011 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objection of plaintiff Robert Blood ("plaintiff" or "Blood") to the Report and Recommendation of Magistrate Judge David A. Ruiz[1] regarding plaintiff's request for judicial review of defendant Commissioner of Social Security's ("defendant" or "Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and a Period of Disability ("POD") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq. (the "Act") (Doc. No. 14 ["R&R"]). (Doc. No. 15 ["Obj."].) The R&R finds that the Commissioner's decision is supported by substantial evidence, and recommends that the decision be affirmed. The Commissioner responded to plaintiff's objection. (Doc. No. 16 ["Resp."].)

For the reasons that follow, plaintiff's objection is overruled and the Commissioner's decision is affirmed.

---

[1] This matter was automatically referred to the magistrate judge for a report and recommendation pursuant to Local Rule 72.2. (*See* Automatic Reference dated August 11, 2016.)

# I. BACKGROUND

## A. Relevant Personal and Medical Background

Plaintiff was born on July 6, 1949, and was 62 years old as of his alleged disability onset date. He has a high school GED, and past relevant work ("PRW") as a service advisor. (R&R at 1046.[2]) Blood applied for DIB and a POD on July 13, 2012, claiming that he became unable to work because of his disabling condition on September 6, 2012. (*Id*. at 1047.) When he applied for disability, plaintiff listed "[l]ower back, impingement left shoulder, torn rotator cuff right shoulder, hbp, spot in lungs, nodule in left breast[]" as the physical conditions that limit his ability to work. (*Id*.)

Joanne Marino, a nurse practitioner (and not an "acceptable medical source") at the veteran's administration ("VA"), prepared a summary of plaintiff's health conditions on January 10, 2011. According to that summary, Blood's health conditions included bilateral spondylolysis with radiculopathy, resulting in increased pain with twisting and turning, difficulty squatting and standing, and decreased mobility and pain associated with Blood's occupational activity as a mechanic. (*Id*.)

Dr. Krishna Vara examined Blood on October 22, 2012, and provided a medical source statement. Blood complained of chronic back and shoulder pain for the past few years. Dr. Vara reviewed a shoulder x-ray from October 27, 2011 showing degenerative joint disease ("DJD"), and an x-ray of the lumbar spine showing moderate degenerative disc disease ("DDD"). (*Id*.)

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Other than Blood's complaints of back and bilateral shoulder pain, Dr. Vara noted no other significant objective findings and recommended no functional limitations at that time. (*Id*. at 1048.)

Dr. Debra Troiano, a state agency physician, completed a physical residual functional capacity ("RFC") assessment of plaintiff on January 25, 2013. (*Id*.) Dr. Troiano determined that Blood was capable of frequently lifting and carrying 10 pounds; occasionally lifting or carrying 20 pounds; standing, walking, or sitting for 6 hours a day; and was unlimited in his ability to push or pull. (*Id*.) Dr. Troiano also opined that he could occasionally climb ramps or stairs, and crouch, up to one-third of the workday. The doctor stated that scaffolds should be avoided, as well as exposure to humidity, extreme cold, or workplace hazards such as machinery and heights. (*Id*.) She found no manipulative, visual, or communication limitations. (*Id*.)

VA staff physician,[3] Dr. D. Michael Jervis, performed a Compensation and Pension ("C&P") examination on March 18, 2014. At that time, Blood reported an increase in his service-connected left leg radiculopathy with mild to moderate pain. But Dr. Jervis noted a normal gate and a normal evaluation of the sciatic nerve and nerves in his legs. (*Id*.) Dr. Jervis concluded that Blood's peripheral nerve conditions or neuropathy did not impact his ability to work. (*Id*. at 1049.)

**B. Social Security Administration Proceedings**

Blood's applications for DIB and a POD were denied initially and upon reconsideration. (*Id*. at 1046.) He requested a hearing before an ALJ, which was conducted on December 11,

---

[3] The record reflects that Blood was on active duty in the service, resulting in lower back complaints and eventual discharge for a back condition. (R&R at 1047.)

2014. Plaintiff appeared at the hearing without counsel, and testified. (*Id.*) On February 13, 2015, the ALJ issued his decision applying the familiar five-step analysis to determine whether plaintiff was disabled, and concluded that Blood was not disabled.[4] (*Id.*)

The ALJ made the following findings of fact and conclusions of law in his February 13, 2015, decision:

    1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

    2. The claimant has not engaged in substantial gainful activity since September 6, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

    3. The claimant has the following severe impairments: lumbar degenerative disc disease and bilateral shoulder degenerative joint disease (20 CFR 404.1520(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

    5. The claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

    6. The claimant is capable of performing past relevant work as a service advisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

---

[4] The appeals Council denied Blood's request for review, and the ALJ's decision became the final decision of the Commissioner. (R&R at 1046.)

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2012, through the date of this decision (20 CFR 404.1520(f)). (R&R at 1049.)

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (an objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-CV-398, 2012 WL 529585, at *5

(S.D. Ohio Feb. 17, 2012) (collecting cases). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). The Court need not conduct a de novo review of objections that are not properly filed within the meaning of Fed. R. Civ. P. 72(b)(3). *Kinstle v. Bunting*, No. 3:13CV998, 2015 WL 6561243, at *3 (N.D. Ohio Oct. 29, 2015).

**B. Analysis**

Plaintiff challenges the Commissioner's denial of benefits before this Court, claiming that: (1) the ALJ failed to provide substantial support for his determination regarding plaintiff's RFC; (2) the ALJ erred in determining that plaintiff can return to his past relevant work; (3) the ALJ failed to obtain testimony from a qualified vocational expert; (4) the ALJ improperly discounted plaintiff's VA disability determination; (5) the ALJ failed to include the Plaintiff's osteoarthritis of the hip as a severe impairment. (R&R at 1051.)

In the R&R, the magistrate judge addressed each issue that Blood briefed for review, finding that: (1) the ALJ was not required to obtain the assistance of a vocational expert, and exercised appropriate discretion in relying on job information available in the Dictionary of Occupational Titles and the underlying record to determine Blood's RFC and ability to perform past relevant work as a service advisor, and that the ALJ's decision was supported by substantial evidence (R&R at 1052-54); (2) the ALJ reasonably found the record does not indicate that

6

Blood's hip arthritis significantly limits his ability to perform basic work activities, and the ALJ's decision that plaintiff's hip arthritis is not a severe impairment is supported by substantial evidence (*id*. at 1054-55); (3) the ALJ did not err in assigning "little weight" to the VA's 20% disability rating, and the decision regarding the weight assigned is supported by substantial evidence (*id*. at 1055-57); and (4) the ALJ's RFC assessment that Blood can perform a full range of light work, and is able to perform past relevant work, is supported by substantial evidence (*id*. at 1057-61). Having found the Commissioner's decision denying benefits to be supported by substantial evidence, the magistrate judge recommends that the decision be affirmed. (*Id*. at 1061.)

Blood raises no objection to the magistrate judge's findings that: (1) the ALJ did not err by not consulting a vocational expert; (2) substantial evidence supported the ALJ's decision regarding plaintiff's hip arthritis; and (3) substantial evidence supported the ALJ's weighing of the VA's disability determination. Plaintiff also does not object to the R&R with respect to Section I (Procedural History), Section II (Personal Background Information), Section III (Relevant Medical Evidence), Section IV (ALJ's Decision), Section V (Disability Standard), and Section VI (Standard of Review). The failure to file written objections to the R&R of a magistrate judge constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Accordingly, there being no objection, the Court accepts the R&R as to those sections and adopts the magistrate judge's recommendations.

In his brief and limited objection, plaintiff contends that: (1) the ALJ erred in his RFC analysis by not including the limitations of Blood's shoulder DJD when determining that he could perform light work; and (2) the magistrate judge erred in finding that the ALJ's RFC determination was supported by substantial evidence because the magistrate judge stated "that there was no medical evidence presented in the Plaintiff's initial briefing that demonstrated that his [shoulder] impairments cause limitations beyond those incorporated by the ALJ." (Obj. at 1063-64.) Plaintiff points to the following medical evidence regarding his shoulder impairment that he argues supports a finding that he cannot perform light work and of disability: (1) physical testing in January 2011 showing that plaintiff's left shoulder "rides" one inch higher than his right shoulder; (2) complaint in October 27, 2011 to his primary care professional regarding tingling, numbness, and pain in both shoulders increased by movement; (3) October 27, 2011 x-ray revealing mild to moderate DJD; (4) November 17, 2011 physical therapy appointment where he was given home exercises for his shoulder; and (5) October 22, 2012 visit to urgent care for back and shoulder pain and notation of "mild tenderness" in shoulders (but motion within normal limits). Blood argues that this medical evidence supports a finding that his ability to reach above his head is limited and prevents him from performing light work as a service provider. (*Id.* at 1064-65.) Plaintiff asserts that the Court should not adopt the recommendation and "incorporate[es] by reference the contentions raised in his statement of errors." (Obj. at 1063, citing Doc. No. 12 (Blood's Brief on the Merits).)

In response, the Commissioner maintains that Blood's objection is improper because plaintiff does not cite a medical opinion that limits overhead reaching as a consequence of his shoulder DJD or other reason. Moreover, defendant states that many of Blood's arguments in his

8

objection were already addressed in the Commissioner's earlier brief. (Resp. 1067-68.)

Blood's objection is insufficient in that it simply summarizes prior arguments and/or expresses disagreement with the magistrate judge's recommendation. Plaintiff's reassertion of the arguments from his original brief is "tantamount to a complete failure to object." *Langford v. Caruso*, No. 11-10219, 2011 WL 3034539, at *2 (E.D. Mich. July 25, 2011) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam)); *Aldrich*, 327 F. Supp. 2d at 747.

Blood does not contest the legal standard applied by the magistrate judge regarding a finding of disability, the accuracy of the medical evidence considered, or the standard the magistrate judge applied in his analysis of the medical evidence. His argument that the magistrate judge and the ALJ failed to consider certain medical evidence regarding limitations caused by the DJD in his shoulder is unavailing. The magistrate judge considered that evidence and concluded that the ALJ's determination that Blood had the RFC to perform light work was supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Swett v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 656, 659 (S.D. Ohio 2012) (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (further citation omitted) and *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986)). Both Dr. Vara and Dr. Troiano found no limitations related to Blood's shoulder DJD. When substantial evidence in the record supports the ALJ's denial of benefits, that finding must be affirmed even if substantial evidence may also exists in the record from which the ALJ could have found plaintiff disabled. *Id*. at 665 (citing *Richardson,* 402 U.S. at 401 and *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001)).

Blood's "objection" does nothing more than express disagreement with the R&R's finding, and the ALJ's decision, that the medical evidence supports a conclusion that plaintiff can perform light work as a service advisor. Mere disagreement with the thoughtful and thorough R&R, in which the magistrate judge carefully analyzes the issues, does not constitute a proper objection to the R&R. *Aldrich*, 327 F. Supp. 2d at 747.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's "objection" is not properly filed within the meaning of Fed. R. Civ. P. 72(b)(3) and, therefore, is overruled. The Court accepts the report and recommendation of the magistrate judge. The Commissioner's decision to deny plaintiff's application for DIB benefits and a POD is affirmed.

**IT IS SO ORDERED**.

Dated: August 25, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**